
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-10289 |
| Plaintiff-Appellee, | D.C. Nos. 4:18-cr-00403-HSG-1 4:18-cr-00403-HSG |
| v. | |
| JOSE GRANADOS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 9, 2022
San Francisco, California

Before:  WARDLAW, IKUTA, and BADE, Circuit Judges.

Jose Granados appeals his conviction, following a bench trial, of one count

of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court did not err in denying Granados's motion to suppress because, considering the totality of the circumstances, *see United States v. Burkett*, 612 F.3d 1103, 1107 (9th Cir. 2010), the officers had reasonable suspicion that Granados was armed and dangerous. Officer Leach was concerned that Granados was involved in a drug-related operation based on the strong odor of marijuana emanating from Granados's vehicle and Officer Leach's suspicion that Granados may be transporting illegal quantities for the purpose of selling, which contributes to the reasonable suspicion that an individual is armed and dangerous. *See United States v. Davis*, 530 F.3d 1069, 1082–83 (9th Cir. 2008). Officer Leach's determination, after a records check, that Granados had been convicted only two years earlier of a violent felony that resulted in an eight-year sentence, further contributed to the officers' reasonable suspicion. *See United States v. Cotterman*, 709 F.3d 952, 968 (9th Cir. 2013) (en banc). Based on Officer Gomez's training and experience, Granados's fidgeting and reaching towards something on the floorboard of his vehicle, gave rise to a reasonable suspicion that Granados was trying to conceal something such as a weapon. *See Thomas v. Dillard*, 818 F.3d 864, 877 (9th Cir. 2016). And, finally, based on Officer Glenn's training and experience, the fact that Granados "kept looking around" and was "sweating profusely" even though it was "a very cold evening," and was "rubbing down on

2

his legs and rubbing his hands off on his pants," indicated that Granados might be preparing to attack a police officer. *See United States v. Sokolow*, 490 U.S. 1, 5, 11 (1989); *United States v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993).

Considering that "whole picture," *United States v. Cortez*, 449 U.S. 411, 417 (1981), and with "appropriate regard for the specific reasonable inferences which an officer is entitled to draw from the facts in light of his or her experience," *United States v. Brown*, 996 F.3d 998, 1007 (9th Cir. 2021) (cleaned up), we conclude that the officers had reasonable suspicion that Granados was armed and dangerous. The district court therefore did not err in denying Granados's motion to suppress.

We reject Granados's arguments that none of the circumstances present during the search independently support a finding of reasonable suspicion, because the Supreme Court has expressly rejected a "divide-and-conquer analysis" that evaluates factors "in isolation from each other." *United States v. Arvizu*, 534 U.S. 266, 274 (2002).

**AFFIRMED.**